IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TORI WOODS, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | 3:12-CV-2256-N-BK |
| | § | |
| UNITED STATES DISTRICT COURT, | § | |
| ET AL., | § | |
|    Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and Special Order 3, this case was referred to the undersigned United States Magistrate Judge. Plaintiff filed a *pro se* complaint against Defendants United States District Court, United States District Judge Jane J. Boyle, Lancaster Independent School District (Lancaster ISD), and FindACase. (Doc. 3 at 1-2; Doc. 11, ans. 1, 3). This Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening of the complaint and receipt of Plaintiff's answers to the Magistrate Judge's questionnaire. In her answers to the Court's questionnaire, Plaintiff concedes Defendant United States District Court is not responsible for the violations she alleges and requests that it be dismissed as a defendant. (Doc. 11, ans. 5). Upon review, however, the undersigned concludes that this case should be dismissed against the remaining defendants as well for lack of subject-matter jurisdiction.

**I. BACKGROUND**

This action arose from a previously-filed action in this Court involving Plaintiff and Lancaster ISD. S*ee Woods v. Lancaster Indep. Sch. Dist.*, No. 3:11-CV-0779-B (N.D. Tex. filed Apr. 15, 2011). In that case, District Judge Boyle granted Defendant's motion to dismiss Plaintiff's sex discrimination claims as time barred, but permitted her retaliation claims to

proceed. *Woods v. Lancaster Indep. Sch. Dist.*, 834 F. Supp. 2d 512 (N.D. Tex. 2011). Following mediation, the remaining claims were settled and Judge Boyle dismissed the case with prejudice in April 2012. By this suit, Plaintiff seeks monetary damages for an allegedly false and defamatory statement, which she contends Lancaster ISD made in the course of an investigation, and which Judge Boyle noted in her July 2011 opinion. (Doc. 3 at 2; Doc. 11, ans. 1, 2). Plaintiff requests removal of the July 2011 opinion from FindACase, sealing of all court documents, and expunction of all investigative files associated with her discrimination claims. (Doc. 11, ans. 2).

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332. The Court must always liberally construe pleadings filed by *pro se* litigants. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

This case does not present a federal question. In answer to the Court's questionnaire, Plaintiff concedes that she is suing for defamation under state law. (Doc. 11, ans. 1). In any event, injury to reputation or character alone is insufficient to invoke due process protection. *See Paul v. Davis*, 424 U.S. 693, 711-12 (1976) (interest in reputation alone does not implicate a

"liberty" or "property" interest under the Due Process Clause to give rise to liability under 42 U.S.C. § 1983).

There is also no basis for the Court's exercise of diversity jurisdiction since Plaintiff shares the same state of citizenship with at least two of the named defendants. In her answers to the Court's questionnaire, Plaintiff confirms she, Lancaster ISD, and Judge Boyle are all citizens of the State of Texas. (Doc. 11, ans. 3). It is of no moment that VersusLaw, Inc., which produces FindACase, is a citizen of the State of Washington, since the diversity statute requires "complete diversity" of citizenship. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (*citing Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants)).

Therefore, this case should be dismissed without prejudice, *sua sponte,* for lack of subject matter jurisdiction.[1]

SO RECOMMENDED on August 6, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Even assuming a due process violation, Plaintiff's claims are also subject to *sua sponte* dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(b). Under the doctrine of *res judicata*, the dismissal with prejudice of cause number 3:11-CV-0779-B bars further claims against Lancaster ISD from the same cause of action. *See United States v. Davenport,* 484 F.3d 321, 326 (5th Cir. 2007) (*res judicata* prevents litigation of all "issues that were or could have been raised in the [the previous] action."). In addition, Judge Boyle is absolutely immune from a claim for damages stemming from the issuance of the July 2011 opinion. *See Stump v. Sparkman*, 435 U.S. 349, 361-62 (1978). She issued the July 2011 opinion in her capacity and function as a judge. Moreover, VersusLaw is a private corporation and, as such, its conduct did not occur under color of state law for purposes of 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

     A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                RENEE HARRIS TOLIVER
                                                UNITED STATES MAGISTRATE JUDGE